# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| LARRY KOLLER and TAMMY KOLLER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 10-00261-CV-W-JTM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

On February 8, 2010, plaintiffs Larry and Tammy Koller filed suit against defendant Liberty Mutual Fire Insurance Company in the Circuit Court of Jackson County, Missouri. In their lawsuit, the Kollers sought recovery of insurance proceeds from Liberty Mutual for injuries suffered by Larry Koller in an automobile accident. The primary dispute between the parties leading to the lawsuit was whether the Kollers could "stack" the liability limits for underinsured motorist benefits of the insurance coverages they had on multiple vehicles. Following the filing of the Kollers' lawsuit, Liberty Mutual removed the case to federal court on the basis of diversity of citizenship; thereby, choosing to a forgo a state determination of the state law question of stacking and opt for a federal forum.

Thereafter on November 30, 2010, Liberty Mutual filed its *DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT* [Doc. 19]. Again, the primary focus of the dispositive motion was whether Missouri law would allow stacking under the facts of the case. The parties then extensively briefed the issue. Finally, on March 15, 2011, the Court entered an Order denying, in part, and granting, in part, the motion for summary judgment [Doc. 62]. On the stacking

issue, the Court noted that there were inconsistencies in the Missouri court decisions and that there was no definitive decision of the Missouri Supreme Court addressing the issue. The Court, however, did conclude that one Missouri Supreme Court decision [*Richie v. Allied Property & Casualty Insurance Co.*, 307 S.W.3d 132 (Mo. 2009) (*en banc*)] contained reasoning that supported a conclusion that stacking under the facts of the case was permissible. As such, the Court found that the Kollers could stack their limits of liability.

On August 1, 2011, Liberty Mutual then requested that the Court reconsider its summary judgment ruling [Doc. 95]. Liberty Mutual noted that a Missouri appellate court had recently handed down a decision [*Stewart v. Liberty Mutual Fire Insurance Co.*, 2011 WL 3106828 (Mo. App. [W.D.] Jul. 26, 2011)] that reached a contrary conclusion to the Court's interpretation of Missouri insurance law on stacking. On August 18, 2011, the Kollers filed their suggestions opposing reconsideration [Doc. 103].

Liberty Mutual did not file reply suggestions in support of reconsideration; instead, on September 6, 2011, Liberty Mutual filed its UNOPPOSED MOTION TO VACATE THE COURT'S PREVIOUS PARTIAL DENIAL OF DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO STACKING [Doc. 106]. According to the motion, the parties have now settled this case and Liberty Mutual – with the acquiescence of the Kollers – wishes to have the portion of the Court's prior summary judgment that involved stacking vacated. The motion is denied.

The Court understands that Liberty Mutual does not agree with the Court's "stacking" decision in ruling on the motion for summary judgment in this case and believes that the Missouri appellate court reached a proper conclusion in the *Stewart* case. The resolution of such

disagreements is the very stock and trade of the legal profession. The summary judgment decision rendered in this case may or may not have precedential impact and may or may not influence future decisions regarding the stacking issue. However, unless or until the Missouri Supreme Court addresses the issue directly,[1] there will be a dispute as to the interpretation of Missouri insurance law on this issue. Liberty Mutual chose to have this issue decided in a federal forum. It does not get to "erase" that decision simply because it is not happy with the Court's conclusion.

The decision to vacate an interlocutory order after settlement is discretionary. In broad terms, the Supreme Court has observed that there is public interest in judicial precedents and that such decisions are "valuable to the legal community as a whole." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26, 115 S.Ct. 386, 392 (1994). As such, prior judicial decisions should not be vacated "unless a court concludes that the public interest would be served by vacatur." *Id*. As noted by one court in refusing vacatur:

> When a clash between genuine adversaries produces a precedent . . . the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property. We would not approve a settlement that required us to publish (or depublish) one of our own opinions, or to strike a portion of its reasoning. . . . If parties want to avoid *stare decisis* and preclusive effects, they need only settle before the district court renders a decision, an outcome our approach encourages.

*Disa Industries A/S v. Thyssenkrupp Waupaca, Inc.*, 2009 WL 3170511, op. at *1 (E.D. Wis.

---

[1] A decision denying an application to transfer the *Stewart* case to the Missouri Supreme Court is not a definitive decision on the merits.

3

Sept. 28, 2009)[2] (*quoting* *Matter of Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988). *See also Garrett v. Albright*, 2008 WL 2872206, op. at *2 (W.D. Mo. Jul. 22, 2008). In this case, Liberty Mutual has not provided this Court with any exceptional circumstances or evidence that the public interest is served by the vacation of the Court's Order of March 15, 2011. Accordingly, it is

**ORDERED** that the *UNOPPOSED MOTION TO VACATE THE COURT'S PREVIOUS PARTIAL DENIAL OF DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO STACKING* [Doc. 106] is **DENIED**. Moreover it is further

**ORDERED** that in light of the representations made to the Court that resolution of this matter has been reached by the parties, *DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 15, 2011 PARTIAL DENIAL OF SUMMARY*

---

[2] In the *Disa* case, the vacatur was a requirement of the settlement. There is no indication in the pleadings before this Court that vacatur was a requirement of the settlement reached between the Kollers and Liberty Mutual. Even if vacature was a term, however, based on the pleadings before the Court, the Court's decision would not be different. As noted by the Eighth Circuit (relying on *U.S. Bancorp*):

> When a case is settled while the appeal is pending, obviously the appeal becomes moot and should be dismissed. This circumstance alone, however, does not justify vacation of the judgment being reviewed. In fact, vacation of the judgment under review is appropriate only if "exceptional circumstances" exist, and "those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur. . . ."

*Nahrebeski v. Cincinnati Milacron Marketing Co.*, 41 F.3d 1221, 1222 (8th Cir. 1994) (*quoting*, *in part*, *U.S. Bancorp*, 513 U.S. at 29, 115 S.Ct. at 393).

*JUDGMENT,* filed August 1, 2011 [Doc. 95] as well as *DEFENDANT'S MOTION FOR PRE-TRIAL EVIDENTIARY RULINGS*, filed August 24, 2011 [Doc. 105] are **DENIED AS MOOT**.

        */s/ John T. Maughmer*
        **JOHN T. MAUGHMER**
        **U. S. MAGISTRATE JUDGE**